Good morning, Your Honors. Matthew Guiney for the appellants. I'm going to try to reserve four minutes. Your Honors, this is a federal securities fraud action alleging violations of the Exchange Act of 1934. The procedural history of this case is both unique and, I think, critical to the appeal here. Two prior class actions were filed alleging the very same facts as the actions filed in this case. In both prior cases, the district court denied the motion for class certification. This action was subsequently filed. You weren't counsel on either of those two cases? We were not involved in either of those cases at all, Your Honor. When this action was filed- A fresh perspective. I hope so, Your Honor. Plaintiff's individual claims in this case, as well as the claims of all of the putative class members, are unarguably all timely because those claims were told by the statute of limitations during dependency of both of the prior actions. So if any of the plaintiffs, both named and unclaimed, were to bring individual actions, it's undisputed that the claims are timely? That's right, Your Honor. So the only issue is whether or not they may be brought as class action? That's right, Your Honor. Both the district court conceded that the plaintiffs here could bring an individual action, and I believe the defendants have conceded that both in their papers at the district court and in front of this court. Nevertheless, Your Honor, the district court dismissed the complaint in this action because, and I quote, plaintiff's class action claims were time-barred under Ninth Circuit authority. The district court held that although the two-year statute of limitations for Exchange Act claims had been told for all individual members of the class, that they were not told as to a subsequent class action. Now, we believe the district court erred in two ways in that ruling. First, under this court's Robin and Catholic Services opinions, we believe that the district court erred in concluding that tolling for a subsequent class is always inappropriate regardless of why a prior class certification motion was denied. We also believe the district court erred under subsequent Supreme Court authority that holds that when a plaintiff has a timely claim, that plaintiff may proceed under Rule 23 and that the statute of limitations will not form an impediment to proceeding as a class. I'd like to first address this court's opinion in Robin and Catholic Services, Your Honor. You better be good on that one. I'm sorry, Your Honor? You better be good on that one. I've read the cases repeatedly, Your Honor, and I know Judge Fletcher. One of those opinions was really, really good. Well, Judge Fletcher, as you acknowledge, you were the author of Catholic Services. I think if we're going to talk about those cases, I'd like to just back up a little bit to the Corweck case in the Second Circuit because that predates this court's opinion in Robin v. Fleur, which predates this court's opinion in Catholic Services, and I'll try to be brief. In Corweck, the Second Circuit looks to whether the plaintiffs were denied class certification for dispositive reasons indicating unequivocally that a class action suit was inappropriate. That's what the Second Circuit looked at. The Ninth Circuit adopts Corweck's analysis in the Robin case, which the district court in this case relied on heavily, simply just adopts the Corweck standard. After the Robin case, we have Your Honor's Catholic Services case, and I think what Catholic Services, which was an en banc opinion of this court, says is two things. Number one, I think Catholic Services acknowledges that there are instances where tolling for a subsequent class action is appropriate, and number two, I think we have to look at what Catholic Services didn't say and what Catholic Services doesn't say because in Catholic Services ‑‑ Catholic Social Services, as I read it, says there are certain instances in which the prior class action denial may foreclose a later class action. I don't think it says that there are instances in which the prior class action will toll. I think that ‑‑ well, I think, Your Honor, certain ‑‑ My distinction is between the use of the word toll and the word preclude. I think the Supreme Court has made clear since Catholic Services that a denial of class certification will never preclude. I think you might have started with the Supreme Court, which might have been stronger, but you start with trying to defend in every way Catholic Services, which may say it may mean one thing, it may mean another. Well, there are certainly some cases that come after Catholic Services, the Third Circuit, which say that you can read Catholic Services either narrowly or broadly. We submit, though, that Catholic Services certainly does allow tolling for a subsequent class action. Now, the district court believed that that's because the prior cases in Catholic Services granted class certification rather than denied class certification. But we don't believe that that's the outcome determinative issue, because Catholic Services doesn't simply say if class action certification had been denied, we would not permit plaintiffs to bring a subsequent class action. But it's a pretty important factor, though, to that court. It was an important factor, Your Honor. But, again, I think in Catholic Services, the court looks to whether the plaintiffs were seeking to relitigate the correctness of that denial. And I think in this case, in the unique facts of this case here, we look at what the district court did in the Smythe case, which was the second class certification denial. And the district court was abundantly clear in Smythe. The defendants in Smythe, the defendants here, said to the district court, Your Honor, all the plaintiffs are trying to do is relitigate the correctness of the class certification denial in the first case, in the second case. And the district court said no. The district court rejected that argument. The district court said it had not definitively determined that a class could not proceed. The district court said that it had not made a final determination that class certification ---- Does it make any difference that in Smythe the statute hadn't run at all? There was no tolling that wasn't necessary. No, Your Honor. I don't believe so, because every time a district court considers the initial class certification decision, that's always within the statute of limitations. If you look at Catholic Services, if you look at Corweck, if you look at Robin, that initial class certification is always within the statute of limitations. Whether the statute of limitations is tolled asks the $64,000 question is why was class certification denied in the earlier case? And here in the unique facts of this case, we think it's abundantly clear that in Smythe the district court was plain that it had not ever made a determination that a class could not be certified. And so we think under Robin and under Catholic Services, that's a vital question and the answer to that is outcome determinative. Now ---- I realize you're heading elsewhere, but let me ask you this. In the first case, why ---- it seems pretty clear to me that he found that the class, the proposed class met all of 23A, then he moved to 23B and he said, hey, on reliance, you're relying on fraud on the market and your experts just don't allow you to go there. So therefore, this cannot be maintained as a class action. Well, I agree with most of what Your Honor said, but I think your last point I disagree with. I don't think the court said this can't be maintained as a class action. Well, a lot of the evidentiary record that was before him, that's what he determined. That's what he determined in Dean. And again, these are unique facts here where you have a second action and you have a second class certification motion. And the defendants made that exact argument. They said, Your Honor, you've already dealt with this issue. You already found that a class could never be certified. And the district judge said, no, I didn't find that. That's not what I found. I looked at the specific issues that the specific proof that the plaintiffs presented to me here and on those records. But he said it would be premature to strike the class allegations in that case. Here's a practical problem I have with your position. And that is, what's to prevent one slightly incompetent lawyer after another bringing one unsuccessful class action after another? And here we are five years after the expiration of the statute of limitations, if it were to run without tolling, dealing with a third or a fourth or a class action after a succession of mildly incompetent lawyers. I mean, that does not strike me as a very good way to run a system. How do we deal with that problem? I agree, Your Honor. And I think it's very simple. All we need is one definitive ruling that a class cannot be certified. As soon as that happens, a plaintiff is not entitled to tolling under Robin and Catholic Services. As soon as that happens, a plaintiff is going to be hit with comedy and star decisis under the other cases, under both Bayer and Shady Grove. There are two other reasons, Your Honor. Number one is, it doesn't make any economic sense for subsequent plaintiffs to continue to bring serial class actions in the face of a ruling that a class can never be certified. And there's also the statute of repose, which says that after five years, regardless of what has happened, there cannot be another action. So I think those are a litany of reasons why the concern that the district court mentioned, that you could have serial litigation, is really just not a problem. And I think these are unique facts. We don't see this very frequently in this context or other contexts. So I think that's the reason. I'd just like to get very quickly to the Supreme Court cases and then reserve just two minutes, Your Honor. Our other point, as I alluded to, is under the Supreme Court cases, the more recent cases, in Shady Grove, Justice Scalia said that Rule 23 creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action. It's a one-size-fits-all rule. Rule 23 automatically applies in all Federal actions. And this is what the Sixth Circuit looked at Shady Grove and adopted that reasoning in the Sixth Circuit recently and said that a plaintiff with a timely individual claim had every right to proceed under Rule 23. And a prior class certification denial might be an impediment to a class certification later on, but the statute of limitations was not one of the impediments. Your Honor, I'd like to reserve my last three minutes for reply, please. Good morning. May it please the Court. Seth Aronson of O'Melveny & Myers here on behalf of Defendant China Agrotech. Appellants here want to take this Court farther than this Court has ever gone before and farther than any appellate court has gone on this issue. No appellate court has allowed tolling to allow the relitigation of the prior denial of class certification on a class-wide basis. And that's exactly what happened below in Dean. It was on a class-wide basis. It was reliance. Now, the starting point for this analysis is, of course, the statute of limitations and whether or not plaintiffs are entitled to the exception for tolling that came from the American Pipe case. The Supreme Court has only spoken about tolling in the class action context twice. American Pipe, which says that the plaintiff can intervene only after the denial of a class certification motion, and then Crown Court, which extended that to say that a plaintiff, after the denial, could file an individual action. That's it. Smith v. Bayer and Shadygrove don't talk about tolling. They're not tolling cases. Let me see if we can establish what common ground we have or don't have. With respect to all of the individual plaintiffs in this case, both named and unnamed, if they were to bring individual actions, would they all be entitled to bring them? Would they all be entitled individually to tolling? Yes. The only plaintiffs that we're aware of are these plaintiffs. They were entitled to bring their own individual actions. We're trying to find out where we are. You agree that all the plaintiffs could file individual suits? If they were within the class, they could file individual actions only. Okay. Not class actions. So that's all good. So that is to say, so everyone, every individual who was in the prior classes are entitled to tolling. Were they to file suit individually? Correct. So the only question in front of us is whether they may now bring this as a class action. Correct. Okay. That's right. Now let me take the other side of Judge Fletcher's concern, which is he could have a series of incompetent lawyers and go on for 100 years filing suits. Take the other concern. You have a legitimate class with a serious grievance, and you get an incompetent lawyer who goes and fails to raise the best arguments, doesn't know the law. Is that going to bind this class? Even though nobody knew this lawyer, even though he was disbarred the next day, that whole group of people are barred forever from raising this in a class action? Well, here's why. This is a PSLRA case, but unlike the two prior cases this panel heard, it's not about pleading. But what's important about the PSLRA is it has unique notice requirements that the other cases don't have. Catholic Social Services did not have the benefit of this. When the Dean case was filed, not only Dean, but other plaintiffs filed or submitted a notice to everyone that's required under the PSLRA, and they had 60 days to step forward and apply to become the lead plaintiff. That's very unique. These plaintiffs were part of the Very unique. It's unique. Well, it's unique in the sense that other class actions don't have this notice requirement. And here we had multiple notices in Dean. We had multiple notices that Smythe was filed, yet they never stepped forward. We had another notice that the first law firm took out after class certification was denied in Dean. He took out an unusual notice to everyone that said, hey, we lost our motion for class certification. Your rights might be affected by this. If you want to step forward, step forward. They had multiple opportunities to step forward. Are you talking about this case? I'm talking about this case. Yeah. That's in Dean. So they had multiple notices set forth by the PSLRA, which not only sends out a notice that class action has been filed, but invites them into the courthouse, into the process. And if there are multiple cases, the PSLRA deals with that. They shall be consolidated. So there's an orderly process for this. But who are the plaintiffs here who are stepping forward? We have the Resch plaintiffs who are unlike any of the plaintiffs in Catholic Social Services. They're on the far end from that. Catholic Social Services plaintiffs, they were left in the lurch. There was nothing they could have done. And as Your Honor pointed out, they at all times vigorously pursued the litigation. Catholic Social Services also speak directly to their case, and I'll quote from the opinion. If class certification had been denied in CSS5, and if plaintiffs in this section were seeking to relitigate the correctness of that denial, we would not permit plaintiffs to bring a class action. But that doesn't help you with respect to whether or not there is in the abstract an ability to bring a class action now. Because the question is, are they seeking to relitigate the correctness of the denial of the earlier one? If they're seeking to relitigate it, and that's probably going to be binding on them at least to the extent of comedy. But it doesn't get you where you want to go, which is to say they're simply barred from bringing any class action. Well, no court has allowed them to bring a class action that's been denied on 23B grounds. No court has done that. But what I'm pointing out is Catholic Social Services doesn't get you all the way where you want to get. It doesn't get them anywhere, and they think it does. Those are the definitive cases in the Ninth Circuit. Neither one of them allows them to file a class action following the denial. But I'm not sure either one of them forbids it. Let's look at who their plaintiffs are compared to the Catholic Social Services plaintiffs. Why does that make a difference? Because they're on notice because of the special limitations and the tolling cases say that a plaintiff has to vigorously pursue their rights. They cannot sit on their hands and do nothing. And here they waited. Is that what you're saying? They waited in light of all of those notices. Not only did they wait, but Mr. Resch holds himself out on his website, and this is in record, as an internationally recognized advisor in the field of securities litigation. His job is committed to monitoring through our investigative team of professionals potential securities fraud class action cases. He has caused over 100 class action cases to be filed. Now, we hear the term professional plaintiff thrown around. That is what Mr. Resch calls himself. His job is to represent shareholder interests. And what was he doing? He was going in and out of the stock with China Agritech. He bought after the bad news. He sold. He was playing in the stock. He claims to be looking out for all these individuals. Where was he in Dean? Where was he in Smythe? He was nowhere to be found. Where was he after Smythe? He waited more than seven months after Smythe was denied and after the statute of limitations had run to bring his claim. Well, not after the statute of limitations had run as to him. You've just conceded that that's so. The statute of limitations had run as to the two-year statute had run. The question then becomes whether it's tolled. As to him. That was my point. Right. But the two-year statute had run. But you said he could file an individual suit. Correct. They could. Okay. So it hadn't run as to him in general. You say it had run to him as to a class action. Right. If there was no tolling, then it ran as to everyone. Right. But there's tolling. There's tolling. We have tolling for their individual claims. And the district court told them, you can file individual claims. But they didn't do so. Why not? They never explained why they didn't file their individual claims. And these aren't small claims. Their group of plaintiffs have almost a half million dollars in alleged losses. So that's certainly something that we need. Even given what we said in Catholic Services, you know, after the Supreme Court's decision in Shady Grove and in Smith v. Bayer, it just seems like the landscape has changed a little bit. Maybe a little bit. Enough so. I don't think it has, Your Honor. Why not? Shady Grove is not about tolling at all. No, but it's about class actions. It's about class actions. Right. But it has nothing to do with tolling. It's a class action that says if you can satisfy Rule 23, then yes, you can file in Federal court, as opposed to the New York. So, you know, one thing that kind of I thought kind of strange here is that everybody refers to a class action claim. Class actions are not a claim. The claim is the violation of the statute. And all Rule 23 does is allow for aggregation of those claims. Right. And as I understand Shady Grove, it just says if you're going to bring an aggregated group of claims together, you have to follow Rule 23. Rule 23 is what governs. Right. Rule 23 governs over the New York statute, which is different. Right. So that's right. But it doesn't speak to statute of limitations issues and whether or not you can aggregate those claims after the statute is run. There's no tolling analysis. Well, it seems like what it does suggest is if you're going to ask whether or not these particular plaintiffs who could file an individual lawsuit, whether they can still aggregate their claims under Rule 23. Right. And if you look to what the Supreme Court said in Shady Grove, it seems to be that that's what you look to. And then whether or not, as Judge Fletcher said a few moments ago, whether or not they, you know, there has been a prior determination, which I think is very significant here. But it seems like the correct analysis is whether it's barred by notions of comedy or some other doctrine that would allow it not to go forward as a class. Not preclusion because Smith v. Brown. Right. That's correct. That's what Smith says. But then Smith, though, Judge, the Court says, I think it's Kagan who says that, you know, notions of comedy apply. Right. Notions of comedy could apply. But Shady Grove, to your first point, says nothing about American Pipe, nothing about Brown v. Brown. I understand that. So I would think that the Court wanted to extend the aggregation of these claims through the class vehicle. It would have at least addressed the two definitive cases that are out there from the Court, American Pipe and Crown Court. But the Court didn't. Well, Shady Grove, there wasn't a statute of limitations problem in Shady Grove, was there? Right. No, there wasn't. It wasn't an issue. And in Smith v. Baird, there is a mention of them. What's wrong with the system that Justice Kagan seemed to propose, that if the individuals who clearly can file suits and assume that under Justice Scalia's theory they could file a suit under Rule 23, a class action under Rule 23, Justice Kagan says, well, we expect any court to really look at the cases, compare them, apply comedy if the first one is entitled to comedy. But we leave it up to the second court to decide to what extent they should preclude the second class action because of what went on in the first and what's available. That sounds like a fairly sensible system so that you're not automatically precluded, but you may be. You can file your class action and then you look at whether we should give deference or comedy or whatever you want to call it to a prior case. That sounds like a fairly reasonable system. Then you're back to where Judge Fletcher started out, which is you have one case after another. You don't have one case after another. You have a second court, second federal court saying, well, Judge Real, is Judge Real? No, that's Judge Klausner. That's the other one. Okay. Who is it? Judge Klausner. Yeah, you say Judge Klausner made a reasonable judgment and that judgment would apply here. It's the same type of problem and therefore will defer to his decision. Or the judge will say, or the second judge would say, well, the kind of issue he went off on, they didn't introduce enough evidence. Obviously, they could have introduced more. And this case shows you how they failed to do it in the first case. So we won't defer to that case. It's not going to go on 100 times. It's going to go on probably once or maybe twice. It already has gone on, Your Honor, because this is the third case now. And they want another bite at the apple. Judge Klausner has already told them that he has definitively ruled on this. So he has ruled on this issue already. They're claiming, though, that the – Ruled on which issue already? That they're barred by the statute of limitations. That's not the issue that Judge Reinhart is talking about. But what we're trying to avoid is sequential litigation because who's to say in the fourth case that the third one was wrong or the fifth case to come along to say that the fourth one got it wrong? Where does it all come from? I think Justice Kagan didn't think that's what was likely to happen. And I think she's probably correct. I think the greater danger is that it will happen that the class is barred because of some incompetence the first time. It can be corrected the second. But I think after two judges say, well, that's an issue that bars the class and it's a legitimate one, I think it's unlikely that they're going to file a third suit. And I think that's what she was saying. Well, it certainly was not in the tolling context. And the – and Justice Kagan did address the tolling case that is the Supreme Court case in American Pipe. And in footnote 10, it reaffirmed that under American Pipe, quote, a putative member of an uncertified class may wait until after the court rules on the certification motion to file an individual claim or move to intervene in the suit, close quote. That is what Justice Kagan said about tolling. Well, she just recited the holdings of those two cases. Right. She didn't say anything about whether or not a plaintiff having the right to bring an individual suit could or could not bring a class action. Right. She just didn't say anything. Right. But American Pipe – That footnote doesn't tell me a darn thing. Well, American Pipe was a class action case. If a class action would be allowed, one would think that in American Pipe and Crown Cork, the Court would have said would not have limited to intervention or to individual claims. But those are the questions presented at the Court in those two cases. Right. So you're asking them to have decided a case that wasn't in front of them. No. What I'm saying is that when Justice Kagan looked at it again, she did not say we're extending this out, that you can file a new class action. She reaffirmed that it's an individual claim or move to intervene. That's the only thing she said on it. Anything beyond that is we're just – we're trying to speculate as to what the Court was – where the Court was going. But what the Court said was definitive, an individual claim or move to intervene. That's the last time the U.S. Supreme Court has spoken about American Pipe that we're aware of. I understand that. Okay. Thank you very much. Thank you. I'd just like to make three brief points, Your Honor. With respect to the contention that these plaintiffs here have slept on their rights, that they were not involved in the process, that they didn't step forward quickly enough, American Pipe and Crown Cork speak directly to that. And those cases say that class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights because Rule 23 actually encourages them to rely on the named plaintiff to press their claims. I think that leads me to my second point. Judge Reinhart, you had a hypothetical as to whether a poor class action might lead – leave other lead plaintiffs in the lurch. And I think that's – I think that's exactly right. And I think that if this district court opinion stands, what it means is that every putative class member with a claim would be forced to file a provalactic action as the statute of limitations starts to come to an end because those class members don't know how – whether the class certification issue might be denied solely on the grounds that, you know, the lead counsel or lead plaintiff were inadequate. And that would be the very outcome that Crown Cork and American Pipe seek to avoid. Your Honor, with respect to Shady Grove and Bayer not being in a tolling context, both the Seventh Circuit and the Sixth Circuit have now applied those cases in this very tolling context. And finally, with respect to Bayer, you know, Bayer was cited very heavily by the defendants in Smythe. That's exactly the argument that the defendants here made to the district court in Smythe as related to Dean. What the defendants said was, Your Honor, you dealt with this issue of class certification in the first case in Dean. Under Bayer, under what Justice Kagan says, what you should do is apply comity and stare decisis, not to the opinion of another court, but to your own opinion. This was the district court considering its own opinion in the second case. And as I said earlier, the district court flatly rejected that argument. The district court applied Bayer, applied the issues of comity and stare decisis, and denied the motion. So I think, you know, in closing, Your Honors, I'd just like to emphasize, as we've said, the plaintiffs, each of the plaintiffs have timely claims here, and that the district court never definitively determined that a class could not be certified in this case. And so we think under Robin, under Catholic Services, under Phipps, under Bayer, under Shady Grove,  and we think that that's reversed, and we think that that's perfectly consistent with the very rationale that the Supreme Court set forth in American Pipe and Crown Court. And unless Your Honors have any further questions, I will. Thank you, Counsel. Thank you, Your Honors. The case just argued will be submitted.
judges: Reinhardt, W. Fletcher, Paez